UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NANCY C.,[1]

                   Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                   Defendant.

Case No.: 1:18-cv-0574-AC

OPINION AND ORDER

ALAN STUART GRAF
Alan Graf, Attorney at Law
208 Pine Street
Floyd, Virginia 24091
    Of Attorney for Plaintiff,

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
District of Oregon
1000 SW Third Ave., Suite 600

MARTHA BODEN
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104
    Of Attorney for Defendant

---

[1] In the interest of privacy, this opinion and order ("O&O") uses only the first name and the initial of the last name of the non-governmental party in this case.

OPINION AND ORDER - 1

**ACOSTA**, Magistrate Judge:

Nancy C. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Based on a careful review of the record, the Commissioner's decision is AFFIRMED.

*Procedural Background*

Plaintiff applied for DIB and SSI on December 31, 2013, alleging a disability onset date of November 6, 2013, due to brain injury/post-concussive disorder. (Tr. 16, 218.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") Katherine Weatherly, who conducted an administrative hearing on January 25, 2017. (Tr. 35-57.) The ALJ issued a decision finding Plaintiff not disabled on March 1, 2017. (Tr. 16-30.) The Appeals Council denied Plaintiff's request for review on February 22, 2018, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6.) This appeal followed.

*Factual Background*

Born in December 1954, Plaintiff was 59 years old on her alleged onset date. (Tr. 287.) She completed two years of college. (Tr. 219.) Plaintiff previously worked as a bookkeeper for a temp agency, and as a tutor. (Tr. 219.)

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, she is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment, she is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either individually or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*,

482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, she is presumptively disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can perform past relevant work, she is not disabled; if she cannot, the burden shifts to the Commissioner.

At step five, the Commissioner must establish the claimant can perform other work existing in significant numbers in the national or local economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g), 416.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

*ALJ's Decision*

The ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had not engaged in SGA since the alleged onset date, November 6, 2013. (Tr. 18.) At step two, the ALJ determined Plaintiff had the severe impairments of mild unspecified neurocognitive disorder. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 20.)

The ALJ next determined Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following limitations:

> [Plaintiff] can understand, remember, and carry out simple, routine, and repetitive tasks; she can occasionally climb ladders, ropes, or scaffolds; and she must avoid concentrated exposure to workplace hazards such as machinery and heights.

(Tr. 22.) At step four, the ALJ determined Plaintiff was unable to perform any of her past relevant work. (Tr. 28.) At step five, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy, including industrial cleaner, packing line worker, and laundry

folder. (Tr. 29.) Accordingly, the ALJ concluded Plaintiff was not disabled under the Act. (Tr. 29-30.)

*Discussion*

Plaintiff argues the ALJ erred by: (1) rejecting her subjective symptom testimony; (2) improperly evaluating the medical evidence; (3) rejecting the lay testimony; and (4) failing to consider new evidence submitted after the decision date.[2]

I. Plaintiff's Subjective Symptom Testimony

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting her subjective symptom testimony. To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must perform two stages of analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); 20 C.F.R. §§ 404.1529, 416.929. The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). At the second stage, absent affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Carmickle v. Commissioner Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Factors the ALJ may consider when making such

---

[2] Plaintiff also argued that the ALJ erred at step five because an individual of her age and work history should be found disabled under Grid Rule 202, but she conceded this issue on reply.

OPINION AND ORDER - 5

credibility determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, and inconsistencies in testimony.[3] *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013); *Tommasetti*, 533 F.3d at 1039.

Plaintiff testified that she was unable to work because she falls asleep on the job, walks into walls, forgets things, and cannot multi-task. (Tr. 44.) She often gets confused and forgets what she is doing, and has problems remembering instructions, including simple instructions regarding tasks. (Tr. 44, 46.) Plaintiff stated that she has good days and bad days, and falls often. (Tr. 45, 47.) She cannot look up or down without getting dizzy. (Tr. 47.) She also testified that she experiences severe fatigue and has slept about four hours per night for the last four years. (Tr. 48.) She has sustained injuries to her knee and toe due to balance problems. (Tr. 49.)

The ALJ provided clear and convincing reasons for rejecting Plaintiff's symptom testimony. (Tr. 22-28.) First, the ALJ found Plaintiff's alleged limitations were not supported by the objective medical evidence. *Id.* When evaluating a claimant's subjective symptom testimony, an ALJ may consider consistency with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); Social Security Regulation ("SSR") 16-3p, *available at* 2017 WL 5180304, at *7-8 (Oct. 25, 2017). When coupled with other permissible reasons, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony. *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197–98 (9th Cir. 2004).

---

[3] On March 28, 2016, Social Security Ruling ("SSR") 16-3p became effective, which eliminated the use of the term "credibility" and superseded SSR 96-7p. The ALJ's decision in this case issued March 1, 2017. SSR 16-3p explains that "[w]hen a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review." SSR-16-3p, *available at* 2017 WL 5180304, *13 n.27 (Oct. 25, 2017). Therefore, the court applies SSR 16-3p to the evaluation of Plaintiff's symptom testimony.

However, a lack of objective medical evidence may not form the ALJ's sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("the Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")).

Here, a 2014 MRI of Plaintiff's brain showed no changes from a 2009 comparison study. (Tr. 555.) Examining neurologist Dan Dimitrui, M.D., noted "very little in the way of exam findings." *Id.* An ALJ may consider mild findings on MRIs and X-rays in discounting the claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Further, Plaintiff was neurologically intact on examination, with normal sensation, reflexes, and coordination. (Tr. 412.) She tested in the normal range for intelligence and had little or no difficulty with word finding or answering questions. (Tr. 367, 548, 569-70, 625.) Her attention and concentration were intact. *Id.* This evidence supports the ALJ's rejection of Plaintiff's testimony that severe fatigue and confusion prevented her from working. *Burch*, 400 F.3d at 681.

The ALJ next found that Plaintiff's alleged limitations conflicted with her activities. (Tr. 22-28.) Activities of daily living may discount a claimant's testimony in two ways: (1) where a claimant is able to perform activities indicating capacities that are transferrable to a work setting; or (2) where a claimant's activities contradicts her symptom testimony. *Molina*, 674 F.3d at 1113. However, the Ninth Circuit has consistently reiterated that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. In other words, a "claimant need not vegetate in a dark room in order to be eligible for benefits." *Molina*, 674 F.3d at 1112-13 (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (internal quotation marks omitted)). Further, where an ALJ relies on contradictions between

a claimant's activities and her symptom testimony, the ALJ must identify "specific conflicts with [the claimant's] reported limitations." *Trevizo*, 871 F.3d at 682.

Here, the ALJ noted that Plaintiff was able to live independently and care for a pet dog. (Tr. 26, 39.) Plaintiff testified that she worked four-to-eight hours a day during the relevant period as an administrative assistant doing reception tasks, and as a bookkeeper and tutor. (Tr. 40-41, 45.) She was capable of self-care, completing household chores such as cleaning and laundry, and mowing her lawn. (Tr. 241.) Plaintiff was also able to drive alone to visit family members. (Tr. 45.) Based on these activities, it was reasonable for the ALJ to reject Plaintiff's testimony regarding severe fatigue and problems remembering simple instructions. The ALJ thus provided a clear and convincing reason for rejecting Plaintiff's subjective symptom testimony. *Molina*, 674 F.3d at 1113; *see also Burch*, 400 F.3d at 679 (when susceptible to multiple interpretations, the ALJ's rational interpretation of the evidence must be upheld).

As a third reason for rejecting her testimony, the ALJ noted that Plaintiff's symptoms improved with treatment. (Tr. 22-28.) Impairments that can be controlled effectively with treatment are not disabling. *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, Plaintiff's post-concussion symptoms appeared to lessen over time. For example, neurological examination notes dated April 21, 2015 reveal that Plaintiff was able to explain the rules of two different games from memory with ease, and she could easily perform math problems mentally. (Tr. 510.) In May 2015, Dr. Dimitriu observed that Plaintiff "has decidedly improved significantly" from her post-concussion syndrome. (Tr. 501.) By June 29, 2016, Julia Wong-Ngan, Ph.D., observed that any deficits from Plaintiff's head injury were mild. (Tr. 627.) On this record, it was reasonable for the ALJ to find that Plaintiff's symptoms improved and therefore were not as debilitating as she alleged in her testimony. *Warre*, 439 F.3d at 1006.

In sum, the ALJ provided legally sufficient reasons for rejecting Plaintiff's testimony and his findings are affirmed. *Reddick*, 157 F.3d at 722.

II. <u>Medical Opinion Evidence</u>

Plaintiff next argues that the ALJ improperly rejected the opinion of treating physician Douglas McMahon, D.O., and of speech pathologist Hilary Anderson, M.S., and her student Amanda Williams. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id.* (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" *Ghanim*, 763 F.3d at 1161 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

1. Treating Physician Douglas McMahon, D.O.

Dr. McMahon treated Plaintiff in 2016 and wrote that Plaintiff cannot maintain a competitive job "with both vertigo/lightheadedness and memory issues especially in bookkeeping or even sedentary work." (Tr. 64, 638.)

The ALJ rejected Dr. McMahon's opinion, stating that his statements were not supported by treatment notes or the results of neuropsychological testing. (Tr. 27.) An ALJ may reject a physician's opinion that is inconsistent with the longitudinal record. *See Garrison*, 759 F.3d at 1012. Here, for example, examining psychologist Stephen Tibbitts, Ph.D., reported that Plaintiff had only mild impairment in understanding and remembering instructions and sustaining concentration and attention. (Tr. 370.) Dr. Tibbitts also found Plaintiff was not impaired in her ability to engage socially and that her adaptive skills were only slightly impaired. *Id.* The ALJ also noted examining neuropsychologist Julia Wong-Ngan's opinion that Plaintiff was only mildly limited in the functional areas of attention and concentration. (Tr. 627.) It was reasonable for the ALJ to resolve this apparent inconsistency in the record by rejecting Dr. McMahon's opinion that Plaintiff was so limited that she could not perform any work. *See Valentine*, 574 F.3d at 692. The ALJ therefore provided a legally sufficient reason for rejecting the opinion of Dr. McMahon. *Garrison*, 759 F.3d at 1012.

2. Speech Pathologist Hilary Anderson and clinician Amanda Williams

Speech pathologist Hilary Anderson endorsed a statement authored by her student Amanda Williams in May 2015, which stated: "[d]ue to TBI-related deficits in her cognition, such as memory and communication, it is extremely effortful for this patient to sustain working even part-time." (Tr. 507, 509.)

The ALJ rejected this opinion because it lacked specificity. (Tr. 27.) Dr. Anderson's statement that it would be "effortful" for Plaintiff to perform part-time work lacks the specificity of a functional limitation required by the Agency. *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). The ALJ properly discounted the speech pathologists' opinion.

III. <u>Lay Witness Testimony of Sarah Lillesve</u>

Plaintiff next argues that the ALJ improperly rejected the lay opinion of Sarah Lillesve. The ALJ must provide germane reasons for rejecting the testimony of a lay witness. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Ms. Lillesve submitted an affidavit dated January 19, 2017. (Tr. 303-04.) She stated that Plaintiff was severely limited by exhaustion and fatigue, and concluded, "I cannot see her being at a regular job." (Tr. 304.)

The ALJ gave little weight to Ms. Lillesve's statement because it was unclear how much access she had to observe Plaintiff's functioning. (Tr. 27.) The ALJ nevertheless accounted for some of Ms. Lillesve's opinion in the RFC by limiting Plaintiff to simple, routine, and repetitive tasks. (Tr. 22.) On this record, the ALJ provided a germane reason for rejecting the lay opinion of Ms. Lillesve. *Bayliss*, 427 F.3d at 1218.

IV. <u>New Evidence</u>

Plaintiff argues, finally, that new evidence submitted to the Appeals Council after the ALJ rendered her nondisability determination deprives the ALJ's decision of substantial evidence. Plaintiff submitted new evidence to the Appeals Council in the form of two letters, dated June 1, 2017, and June 7, 2017, respectively. (Tr. 11-12.) The Appeals Council reviewed this evidence and incorporated it into the administrative record but found that it did not relate to the period at issue, and therefore would not change the outcome of the ALJ's decision. (Tr. 2.) Plaintiff

contends this was error and asks the court to remand this case under sentence six of 42 U.S.C. 405(g) and award benefits.

To be material under section 405(g), new evidence must "bear directly and substantially on the matter in dispute" and there must be a "reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). When the Appeals Council denies review, the ALJ's decision is subject to substantial evidence review based on the record as a whole. *Taylor v. Comm'r*, 659 F.3d 1228, 1231 (9th Cir. 2011).

Here, the newly submitted evidence consists of two one-page letters from Plaintiff's treating physician Dr. McMahon and Plaintiff's daughter, Ms. Lillesve. (Tr. 11-12.) Dr. McMahon's letter, dated June 2017, reiterates his opinion that Plaintiff was incapable of performing in any competitive work environment on a continuous full-time basis. (Tr. 11.) Ms. Lillesve's letter, also dated June 2017, states that she was "at most the person that communicates and functionally helps [Plaintiff] on a daily to weekly basis." (Tr. 12.) Ms. Lillesve also reiterated her opinion that her mother's condition had deteriorated since her head injury. *Id.*

The court has reviewed the newly submitted evidence from Dr. McMahon and finds that it does not deprive the ALJ's decision of substantial evidence, because it is duplicative of evidence already in the record at the time of the ALJ's decision. Further, although Ms. Lillesve's letter clarifies that she had regular access to observe Plaintiff's functioning, the ALJ nevertheless provided germane reasons to reject Ms. Lillesve's opinion in his discussion of the medical evidence, which conflicted with Ms. Lillesve's opinion that Plaintiff could not perform full-time work. (Tr. 25-27.) Because there is not a reasonable possibility that the newly submitted evidence

would change the ALJ's decision, the new evidence is not material. *Mayes*, 276 F.3d at 462. The ALJ's decision is affirmed.

*Conclusion*

Based on the foregoing, the Commissioner's decision denying Plaintiff's applications for SSI and DIB is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of September, 2019.

JOHN V. ACOSTA
United States Magistrate Judge